## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MEND, Inc. d/b/a CASA ALEGRE,**
**VICKY LOZANO, LINDA LOZANO,**
**STEVEN LOVELACE, by his parent**
**and next friend Bea Lovelace, MARY SCHRANDT,**
**by her brother, legal guardian, and next friend**
**John Schrandt**

  **Plaintiff,**

**v.**           **No. 13CV00870 WJ/LAM**

**RETTA WARD, CATHY STEVENSON,**
**MARIA SANDERS, GUY IRISH, SINDONIE**
**SQUIER, JOHN DOE 1 AND JOHN DOE 2,**
**In their individual and official capacities;**
**STATE OF NEW MEXICO,**

  **Defendants.**

**MEMORANDUM OPINION AND ORDER  GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ON THE BASIS OF CONSTITUTIONAL SOVEREIGN IMMUNITY**

  **THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction on the Basis of Constitutional Sovereign Immunity, filed April 21, 2014 (**Doc. No. 35**). Having considered the parties' briefs and the applicable law, the Court finds that Defendants' motion is partially well-taken and, therefore, is DENIED in part and GRANTED in part.

## Background

  This matter arises out of a dispute between a medical care provider and various state agencies that regulate such providers.   Vicky and Linda Lozano operate Mend, Inc. which does business under the name Case Allegre (these three shall be referred to collectively as "Casa

Plaintiffs"). Casa Plaintiffs provide medical services to developmentally disabled New Mexicans. Plaintiff Steven Lovelace and Plaintiff Mary Schrandt are both patients at Casa. Defendant Retta Ward is the Secretary of the New Mexico Department of Health ("DOH"). Defendant Cathy Stevenson is the Director of the Developmental Disabilities Support Division of the New Mexico Department of Health ("DDSD"). Defendant Maria Sanders is the DDSD Southwest Regional Nurse. Defendant Guy Irish is an investigator for the DOH Division of Health Improvement. Finally, Defendant Sidonie Squier is the Secretary of the New Mexico Department of Human Services. ("HSD").

Casa operated under a Developmental Disability Waiver (DDW), a program through which Medicaid funds treatment for developmentally disabled citizens at private facilities. By all accounts Casa had complied with all licensing requirements set forth by the State and prior to the events recounted in the Complaint had never had an incident reported to the DOH. In January of 2013, a Casa resident fell and injured herself. She eventually died as a result of her injuries. Defendant Sanders filed an incident report with the DOH, and the DOH ultimately found that Casa staff had been negligent. Casa denies that its employees were negligent and contends that its employees followed all applicable protocols. As a result of the finding, DOH imposed a moratorium and forbade Casa from accepting any additional DDW clients. The DOH conducted two surveys in the aftermath of the patient's death, the first survey reflected positively on Casa while the second did not. After the second survey, the DOH instituted a Plan of Correction. Between April and June of 2013, Defendants filed five incident reports detailing alleged misconduct on the part of Casa and its employees. DOH employees also visited Casa on a number of occasions during this time period. On August 1, 2013 the DOH gave notice that it was considering placing Vicky and Linda Lozano and other Casa employees on the Employee

2

Abuse Registry ("EAR").  If an employee is placed on the EAR, all New Mexico healthcare providers are prohibited by law from employing that individual.

Plaintiffs bring Section 1983 claims for violations of their Fourteenth Amendment rights. Plaintiffs also bring a claim under New Mexico Declaratory Judgment Act.  In addition to denying that the allegations have any merit, Plaintiffs also allege that Defendants failed to provide them with proper notice and have refused and continued to refuse to provide a hearing. DOH also revoked Casa's provider agreements.  Casa contends that they have a property interest in those provider agreements and that Defendants took Casa's property without due process.

Plaintiff is ostensibly bringing monetary claims against defendants in their individual capacities and injunctive claims against the individual defendants in their official capacity and against the State of New Mexico.  Defendants assert that this Court lacks subject matter jurisdiction over this lawsuit.  Defendants contend that Plaintiffs' claims fail on the basis of the sovereign immunity of the State of New Mexico and the arms of the state.   Defendants first claim that Plaintiffs' injunctive relief claim is essentially a sham that does not meet the standard set forth in *Ex parte Young*.  Second, Defendants claim that the individual capacity claims are nothing more than generalized allegations against the State, therefore, they should be construed as claims against the State and should be dismissed.  Plaintiffs argue that they have met the standard for injunctive relief against the individually named defendants in their official capacity. Further, Plaintiffs assert that they have stated viable claims against the officials in their individual capacities.

As a preliminary matter, Plaintiffs state that to the extent their Complaint purports to assert claims against the State of New Mexico itself, those claims were "inartfully plead". Plaintiffs agree those claims are subject to dismissal.

**Discussion**

I.      **Official Capacity Claims**

Eleventh Amendment immunity is viewed as a jurisdictional bar to claims against the State.  See Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth., 577 F.3d 1255, 1258 (10th Cir. 2009) (Eleventh Amendment immunity "is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.").  Thus, Plaintiffs bear the burden of establishing the Court's subject matter jurisdiction to adjudicate their claims. Id., (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence.")). There are two types of motions available under Fed. R. Civ. P. 12(b)(1): "(1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). For a facial attack, the court is permitted to accept well-pleaded allegations of the Complaint similar to a 12(b)(6) Motion to Dismiss. Coffey, 870 F.Supp.2d at 1214.  However, "when the attack is aimed at the jurisdictional facts themselves, a district court may not presume the truthfulness of those allegations." Coffey, 870 F.Supp.2d at 1214 (citing Hill v. Vanberbilt Capital Advisors, LLC, 834 F.Supp.2d 1228, 1241 (D. N.M. 2011)).

Under the Eleventh Amendment, all constitutional claims against the State of New Mexico and its arms are properly dismissed. Thus, the inquiry is whether the individual Defendants named in their official capacities are arms of the state.  "The arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states." Sturdevant v. Paulsen, 218 F.3d 1160, 1164 (10th Cir. 2000). Thus, if a governmental entity is an arm of the state, "neither [that entity] nor its officials acting in their official capacities are 'persons' under § 1983," and the Eleventh Amendment would bar

such claims.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). As explained in

<u>Sturdevant</u>:

> [t]he issue here…turns on whether the [governmental entity] is to be treated as an arm of the State partaking in the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend. The answer depends, at least in part, on the nature of the entity created by state law.

<u>Sturdevant,</u> 218 F.3d at 1164 (quoting <u>Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle,</u> 429

U.S. 274, 280 (1977)).

Plaintiffs do not dispute that the individually named Defendants are considered "arms of

the State" for the purposes of the Eleventh Amendment.  Further, the Department of Health, the

Developmental Disabilities Supports Division (a division of the Department of Health), and the

New Mexico Department of Human Services have all been found to be arms of the state subject

to the protections of Eleventh Amendment Immunity. <u>See</u> <u>Jackson v. Fort Stanton Hosp. &</u>

<u>Training School,</u> 757 F.Supp 1243, 1303 (D. N.M. 1990) <u>reversed on other grounds</u> 964 F.2d

980 (10th Cir. 1992) (recognizing the above entities are arms of the state); and <u>Whitney v. State</u>

<u>of New Mexico,</u> 113 F.3d 1170, 1172 (10th Cir. 1997) (upholding dismissal of Plaintiff's

complaint against an employee of the Department of Health brought in his official capacity).

The individually named Defendants are officials employed by the above state agencies. <u>See</u>

**(Doc. No. 1)**, ¶¶ 9 through 13.  Accordingly, the individual Defendants are arms of the state

subject to the protections of the Eleventh Amendment and constitutional sovereign immunity.

Plaintiffs' constitutional claims against the State of New Mexico and the official capacity claims

against the individual defendants are barred by the Eleventh Amendment.  Plaintiffs do not

dispute that the official capacity claims are barred by the Eleventh Amendment, they assert,

however, these claims fall within an exception.

There are only three exceptions to the general bar of suits against states and state entities, only one of which is relevant here.[1]   The *Ex parte Young* doctrine allows suits against state officials for injunctive relief.   Defendants argue that Plaintiffs generally stated a claim for injunctive relief solely to get around immunity and they do no actually have a claim for injunctive relief.   Both parties improperly cite to the "plausibility" standard used in reference to 12(b)(6) motions in support of their contention that the *Ex parte Young* exception does or does not apply.   The Tenth Circuit has squarely rejected the use of the Iqbal standard in determining whether the *Ex parte Young* doctrine applies.   See Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1167 (10th Cir. 2012)("Thus, in determining whether the *Ex parte Young* exception applies, the district court relied on the same standard that applies to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6)—the plausibility analysis required by Ashcroft v. Iqbal, 556 U.S. 662[] (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544[] (2007). The district court erred in equating these standards."); see also id, at 1167 ("Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

To the contrary, "[t]o determine whether the *Ex parte Young* exception applies, [the Court] 'need only conduct a straightforward inquiry into whether the complaint alleges an [act falling under the exception].'"   Muscogee, 669 F.3d at 1167 (citation omitted).   The plaintiff must be "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief."   Id.   "The second prong—whether the plaintiff

---

[1] There are limited circumstances in which the Eleventh Amendment immunity will be found inapplicable, as follows: 1) Congressional abrogation of "the state's immunity in the exercise of its power of enforcement under § 5 of the Fourteenth Amendment;" 2) voluntary waiver of immunity by the state; and 3) the *Ex parte Young* exception, when prospective equitable relief is sought against state officials. See Ward v. Presbyterian Healthcare Srvcs., 72 F.Supp.2d 1285,1290 (D. N.M. 1999) (discussing the first two limitations); and Alden, 527 U.S. at 757 (discussing the *Ex parte Young* rule).  There is no claim that Congress has abrogated New Mexico's immunity in regards to the claims raised in this lawsuit and there has been no voluntary waiver of the immunity.

has alleged an ongoing violation of federal law does not require us to ascertain whether state officials actually violated federal law." <u>Id.</u>; <u>see also</u> <u>Idaho v. Coeur d'Alene Tribe of Idaho,</u> 521 U.S. 261, 281, (1997) ("An *allegation* of an ongoing violation of federal law ... is ordinarily sufficient" (emphasis added)).  Instead, the court, "only need to determine whether Plaintiffs state a non-frivolous, substantial claim for relief against the [s]tate officers that does not merely allege a violation of federal law solely for the purpose of obtaining jurisdiction." <u>Id.</u> (citation omitted).  "[T]he question whether [a] suit states a claim upon which relief can be granted is [not] coincident in scope with [an] Eleventh Amendment inquiry."   <u>Harris v. Owens,</u> 264 F.3d 1282, 1289 (10th Cir.2001); <u>see also</u> <u>Cressman v. Thompson,</u> 719 F.3d 1139, 1146 (10th Cir. 2013) ("But the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim.").

Here, there are claims brought against individual defendants in their official capacities, thus satisfying the first element of the *Ex parte Young* doctrine.  <u>See</u> **(Doc. No. 1)**, Complaint, caption.  However, Defendants assert that Plaintiffs' failed to allege a continuing violation.  In their Response, Plaintiffs assert that they have raised three main continuing violations.

The first is Defendants' continued refusal to provide Plaintiffs with a hearing to contest the termination of Casa's Provider Agreement.  Defendants appear to concede that the failure to provide a hearing is a continuing violation, but allege that Plaintiffs' Complaint fails to demonstrate that any of the individual defendants were actually responsible for the denial of the hearing.  The Complaint only alleges that Defendant Stevenson and Defendant Squier were involved in the decision not to provide a hearing.  Plaintiffs do not argue that the other individually named Defendants were involved in the decision to deny Plaintiffs a hearing.  In regards to Defendant Stevenson, she signed the Notice of Termination dated August 23, 2013.

7

The notice further stated that a hearing request was to be submitted in writing within sixty day of the notice to the Medical Assistance Division of the Human Services Department; this is the division that Defendant Squier heads.  Defendants contend that they never received the required hearing request while Plaintiffs claim that they did in fact submit a hearing request as directed. The issue of whether a hearing request was submitted is inapposite at this juncture.  While Defendants invite the Court to consider whether Plaintiffs have failed to plead a viable Section 1983 by not alleging personal participation, that question is not before the Court at this point. The Court must make a "straightforward inquiry" as to whether the elements of an Ex parte Young claim are present.  The allegations against Defendant Stevenson and Defendant Squier in this instance do satisfy the *Ex parte Young* standard; the continued failure to provide a hearing is a continuing violation of Plaintiffs' due process rights and Plaintiffs are seeking prospective relief, i.e. a future hearing. Therefore the Court finds that Plaintiffs have alleged a claim for prospective injunctive relief in regards to Defendants Stevenson and Squier.

The second continuing violation alleged by Plaintiff is the issue EAR referral.  However, Plaintiffs themselves acknowledge that this has already been resolved in Plaintiffs' favor and they were not placed on the EAR.  Thus, this is not a continuing violation.

The third and final continuing violation alleged by Plaintiffs is an "ongoing and escalating attack of harassment, sanctions, and punishment" which has effectively put Plaintiffs out of business.  "The overriding question is not whether the relief will require the payment of state funds, but whether the relief will remedy future rather than past wrongs." Harris v. Owens, 264 F.3d 1282, 1291 (10th Cir. 2001).  Although the Eleventh Amendment bars compensatory relief for past injuries, "relief that serves directly to bring about an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial

ancillary effect on the state treasury."  Papasan v. Allain, 478 U.S. 265, 278 (1986).  The Court is concerned about characterizing the series of incident reports and investigations as "ongoing", because all of the events happened in the past.  Moreover, since Plaintiffs have essentially been put out of business, it does not appear that future investigations can occur at this point.   In the relief section of their Complaint Plaintiffs generally request that the Court "enjoin Defendants", but do not state any further details.   See (**Doc. No. 1**), Prayer for Relief.  In their Response to the Motion to Dismiss, Plaintiffs assert that the Complaint impliedly asked the Court to enjoin Defendants from "their ongoing and escalating attack of harassment, sanctions, and punishments"; and from relocating Plaintiffs Lovelace and Schrandt.  As stated previously, all the "harassment" has already taken place, and as Casa is now basically closed, Plaintiffs have failed to demonstrate what future harm would be prevented by injunctive relief.  Further, all of Plaintiffs' patients have already been relocated, so the Court cannot enjoin Defendants from transferring them.   Accordingly, the Court finds that Plaintiffs' allegations in regards to Defendants' investigation of Casa Plaintiffs including the filing of incident reports does not meet the standard for *Ex parte Young* because there is no continuing violation and Plaintiffs have not stated a claim for prospective relief.

Thus, the Court dismisses the official capacity claims against Defendants Ward, Sanders, and Irish because there are no claims falling within the *Ex parte Young* exception.  The claims against Defendants Stevenson and Squier for the continued failure to provide a hearing will continue.

## II.      Individual Capacity Claims

In regards to the individual capacity claims, parties again incorrectly conflate the standards for lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and failure to state a

claim (Fed. R. Civ. P. 12(b)(6)).  See Muscogee, 669 F.3d at 1167 ("Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

Defendants argue that because Plaintiffs have failed to adequately plead personal involvement in regards to the individual defendants that Plaintiffs have failed to demonstrate "that this court has subject matter jurisdiction."[2]  See (**Doc. No. 35**), p. 13.  However these are two completely separate considerations that Defendants have attempted to graft together.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Plaintiffs' Complaint alleges a violation of their federal constitutional rights and brings claims under 42 U.S.C. §1983.  It is without question that Section 1983 is a "law …of the United States."  Accordingly, this Court has subject matter jurisdiction whether or not Plaintiffs' Section 1983 claims are viable.   The Supreme Court clearly explained this concept in Bell v. Hood, 327 U.S. 678 (1946):

> Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. *For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.* Whether the complaint states a cause of action on which relief could be granted is a question of law[,] and just as issues of fact[,] *it must be decided after*[,] *and not before*[,] *the court has assumed jurisdiction over the controversy.* If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

Muscogee, 669 F.3d at 1167-68 (10th Cir. 2012) (citing Bell v. Hood, 327 U.S. at 682) (emphasis is original).

---

[2]   The Court notes, as a preliminary matter, that the Eleventh Amendment is not a concern for individual capacity claims.  See Alden v. Maine, 527 U.S. 706, 757 (1999) ("Even a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally.").

Defendants urge the Court to treat the allegations against the individual defendants as allegations against the State because there is a lack of personal participation.  The Court declines Defendants' request to rewrite the allegations against individual defendants.  Whether or not the claims against the individual defendants are ultimately viable, there is clearly subject matter jurisdiction over this matter.

**THEREFORE, IT IS ORDERED**, that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction on the Basis of Constitutional Sovereign Immunity (**Doc. No. 11**) is **DENIED** in part and **GRANTED** in part.

**IT IS FURTHER ORDERED**, that the claims against the State of New Mexico and the official capacities claims against Defendants Retta Ward, Maria Sanders, and Guy Irish are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE